17773

NEWS & COURIER COMPANY and Evening Post Publishing Company, Respondents, v. Carlysle L. DELANEY, d/b/a Carolina Mattress Company, Appellant.

(119 S. E. (2d) 742)

*Messrs. Belser & Belser, Clinch Heyward Belser* and *Charles E. Baker,* of Columbia, *for Appellant,*

*Messrs. Clarke W. McCants, Jr.,* and *J. Wesley Drawdy,* of Columbia, *for Respondents,*

*Messrs. Belser & Belser, Clinch Heyward Belser* and *Charles E. Baker,* of Columbia, *for Appellant, in Reply.*

May 3, 1961.

TAYLOR, Acting Chief Justice.

This appeal arises out of an Order granting judgment upon the pleadings.

Plaintiffs on or about the 22nd day of October, 1957, brought an action against defendant seeking judgment in the sum of $319.75 as balance due on defendant's advertising account. Defendant in due time filed answer and counterclaim claiming damages by reason of alleged libel out of a publication by plaintiffs in their newspapers which was al-

leged to be defamatory and destructive of defendant's business. Plaintiffs thereafter filed reply to the counterclaim and demurred upon the ground that the subject of the counterclaim was an alleged tort which did not arise out of the contract or transaction set forth in the complaint as a foundation of plaintiffs' claim and was not connected with the subject of the action. On April 12, 1958, the Honorable John W. Crews, Judge of the County Court of Richland County, sustained plaintiffs' demurrer and dismissed the counterclaim. Notice of intention to appeal from this Order was filed but was dismissed on July 1, 1958, for the reason that it had not been perfected.

On July 14, 1958, plaintiffs served notice of motion for an Order granting judgment against the defendant in the amount prayed for based upon the verified pleadings together with costs, an itemized statement being attached thereto. On December 16, 1959, the Honorable John W. Crews issued his Order for judgment in the amount of $319.75.

The questions on appeal as stated in Appellant's brief are:

"I. Can judgment be granted upon a Complaint for money damages where the Answer of the Defendant denies material allegations of the Complaint and denies that the Defendant is indebted to the Plaintiff in any amount whatsoever by reason of matters incorporated therein?

"II. Can a Court refuse to consider as a defense to the action allegations contained in a Counterclaim and incorporated by a reference in a defense to the action?"

Defendant's answer and counterclaim appear as follows:

"The defendant above-named, for answer to the Complaint of the plaintiffs, says:

"1. Denies each and every allegation not hereinafter specifically admitted.

"2. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 1.

"3. Admits the allegations of paragraph 2.

"4. Denies the allegations of paragraph 3 and alleges in connection therewith that between the dates specified the plaintiffs, at the request of the defendant, published advertisements in newspapers published by them and that the plaintiffs submitted a statement therefor in the sum specified in the Complaint.

"5. Admits so much of paragraph 4 as alleges that the defendant has paid the plaintiffs the sum of Two Hundred Twenty-nine and 05/100 ($229.05) Dollars, and denies that the defendant owes the plaintiffs anything, by reason of the matters hereinafter alleged, and alleges that on the contrary the plaintiffs are indebted to the defendant.

"Counterclaim

"Defendant Carlysle L. Delaney, doing business as Carolina Mattress Co., by way of counterclaim against the plaintiffs and as further answer to the Complaint herein, alleges:

"1. Defendant is engaged in the business of reupholstering furniture, repairing mattresses, and performance of other work of similar nature.

"2. Plaintiffs are South Carolina corporations engaged in the business of publishing newspapers of general circulation in the Greater Charleston area in and near the City of Charleston, South Carolina.

"3. Heretofore in the early part of 1957 the defendant entered upon a plan for business operations in the Greater Charleston area and in conjunction therewith contracted with the plaintiff to carry his advertisements with respect thereto for the purpose of promoting his business in the Greater Charleston area, for which said advertisements the plaintiffs have brought their Complaint herein. Defendant entered into similar contracts for advertisement in other media of communication and opened his branch office in the Greater Charleston area, all for the purpose of soliciting business in the Greater Charleston area.

"4. Pursuant to such plan the defendant rented premises, bought equipment and advertising signs, all to his great expense, and began his business of repairing and upholstering furniture and repairing mattresses and engaging in business generally in the Greater Charleston area.

"5. Thereafter on or about May 16, 1957, the plaintiffs maliciously and with the purpose and intent of injuring the defendant published prominently in The News and Courier, a newspaper having general circulation in the Greater Charleston area, in bold, black print a false, malicious and brazen advertisement which was intended to refer to the defendant and was taken to refer to the defendant as follows:

" 'Public Warning

" 'There have been a great number of complaints against a new upholstery firm operating in the Greater Charleston Area.

" 'The offer to upholster furniture from the frame out, using only expert labor, has been generally unsatisfactory, judged by the number of complaints that have come to us as to the quality of materials and workmanship. Both have fallen far short of the claims as advertised.

" 'We believe the public interest lies in patronizing established business concerns and craftsmen whose responsibility can be vouched for.

" 'An ounce of precaution is worth a pound of cure.

" 'Business Ethics Division
Greater Charleston Chamber
of Commerce
Phone 2-2611'

and plaintiffs further undertook to advise customers of the defendant not to pay their just and lawful debts to the defendant and advised such customers to stop payment on checks given to the defendant in payment of such debts to the defendant.

"6. In consequence of and by reason of the foregoing the defendant has been libeled and defamed in the eyes of the general public, injured in his business reputation, and damaged in the conduct of his business operation and has by reason thereof been forced to cease business operations in the Greater Charleston area, thereby suffering the loss of his investments in advertising in the plaintiffs' newspapers and in other media of communication and in rental property and in equipment and the loss of future profits, and has been damaged in the amount of Ten Thousand and 00/100 ($10,-000.00) Dollars as a result of the foregoing.

"Wherefore, defendant prays that the Complaint of the plaintiffs be dismissed and the defendant have judgment against the plaintiffs in the sum of Ten Thousand and 00/-100 ($10,000.00) Dollars plus the costs and expenses of this action."

A careful reading of the answer and counterclaim reveals that the only alleged defense or defenses are contained in the allegations of the counterclaim; however, the counterclaim having been dismissed and there being no appeal therefrom, there is left only the question of whether a defense is asserted by the defendant in his answer. Paragraphs 1 and 2 of the answer do not put into issue the corporate status of the plaintiffs. Paragraph 4 asserts no defense. It admits that between the dates specified in the complaint, defendant had requested plaintiffs to publish advertisements in newspapers published by them and that plaintiffs had submitted a statement therefor in the sum specified. No issue is raised as to the value of the services rendered or the amount set forth in the complaint. Paragraph 5 admits the payments set forth in the statement and "denies that the defendant owes the plaintiffs anything, by reason of the matters hereinafter alleged, and alleges that on the contrary the plaintiffs are indebted to the defendant." The "matters hereinafter alleged" are the counterclaim; and the counterclaim having previously been stricken from the pleadings, there is no intelligible issue left for a judge or jury to pass on.

· The Order appealed from resulted from plaintiffs' notice that they would move for "an Order of Judgment in behalf of the plaintiffs," said motion being based on the record and verified pleadings and the fact that no appeal had been perfected from the Order of July 1, 1958, dismissing defendant's appeal from the Order of April 12, 1958, which sustained plaintiffs' demurrer and dismissed defendant's counterclaim.

Plaintiffs urge as a sustaining ground that the answer is susceptible of being stricken as being sham, irrelevant, and frivolous, Secs. 10-654 and 10-1505, Code of Laws of South Carolina, 1952; and with this contention we are in accord. As heretofore stated, plaintiffs moved for "an Order of Judgment in behalf of the plaintiffs." This motion was granted and whether granted under Secs. 10-654, 10-1505, or 10-2313, Code of Laws of South Carolina, the result would be the same in instant case as this Court may affirm on any grounds appearing in the record, Rule 4, Sec. 8, Supreme Court Rules; and we agree with the hearing Judge that:

"* * * After a careful reading of all the pleadings, it is obvious that the only alleged defense or defenses of the Defendant are contained in the allegations of his Counterclaim. The Counterclaim has been dismissed, as previously recited. This leaves only the question of a determination of whether or not any defense is asserted by the Defendant in his Answer. I must conclude in the negative. Paragraphs (1) and (2) of the Answer did not put into issue the corporate status of the Plaintiffs. Paragraphs (4) and (5) assert no defense to the Complaint without reference to the alleged defenses contained in the Counterclaim, which has been dismissed and which is no longer a part of the pleadings of this action. The Answer, therefore, raises no intelligible issue of fact for a Judge or jury to pass upon."

In arriving at this conclusion, we have not overlooked *Thomas & Howard Company v. Fowler,* filed March 28,

1961, in which case the demurrer was still a part of the pleadings, while here the demurrer had been stricken and there was no appeal therefrom.

We are of opinion that the Order appealed from should be affirmed, and it is so ordered. Affirmed.

OXNER, LEGGE and MOSS, JJ., and STEVE C. GRIFFITH, Acting Associate Justice, concur.